In the Matter of W. HARVEY MAYER (Admitted as WERNER HARVEY MAYER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 12, 1984

APPEARANCES OF COUNSEL

*Michael A. Gentile* for petitioner.

*Sidney H. Dworet* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the Bar on December 7, 1959 by the Appellate Division, First Department. On August 27, 1981, he pleaded guilty to the crime of attempted offering of a false instrument for filing, a class A misdemeanor, in violation of sections 110.00 and 175.35 of the Penal Law. On October 31, 1981 he was sentenced to probation for a period of three years. As a condition of his probation he was directed to make restitution to the taxing authorities.

The facts underlying the conviction indicate that respondent represented a client who sought to recover on a fire insurance policy. After trial, a total recovery of approximately $175,000 was effected of which approximately

$30,000 was to be paid to respondent as his fee. However, respondent arranged that his fee be entered as a loan to one of the development corporations of which he was a principal so that it would not be reflected as income to him. His State income tax return was drawn accordingly with the result that the taxable income indicated on his 1976 income tax return was reflected as $10,000 whereas, in fact, his income for that year was in excess of $40,000. Respondent conceded that, at the time he filed the return, he knew it to be false and that his intent in filing the return was to defraud the State.

Subsequent to respondent's conviction the matter was referred to the Departmental Disciplinary Committee. Upon a preliminary investigation the committee determined that respondent had been convicted of a serious crime within the meaning of section 90 (subd 4, par d) of the Judiciary Law and sought from this court an interim order suspending respondent from the practice of law pursuant to section 90 (subd 4, par f) of the Judiciary Law and that he be directed to show cause pursuant to section 90 (subd 4, par g) why a final order of censure, suspension or removal from office should not be entered.

Respondent interposed an answer and by order of this court entered June 1, 1982 he was suspended from the practice of the law pending the report of the Departmental Disciplinary Committee concerning the facts underlying the conviction and relative to sanction, if any, to be imposed.

The Disciplinary Committee has submitted its report in which it concludes that respondent has been convicted of a serious crime within the meaning of section 90 (subd 4, par d). This finding is amply supported. It recommends that respondent be suspended for a period of three years. In light of the fact that respondent had previously been reprimanded for improperly using his notarial stamp on a legal document and has been admonished for neglect of a personal injury action, we think the discipline recommended well within the bounds of reason. However, we note that respondent was originally suspended in this matter by our order of June 1, 1982. Accordingly, we hold that the period of suspension hereby imposed shall commence as of that date.

Accordingly, the report of the Departmental Disciplinary Committee is confirmed and respondent is suspended from the practice of law for a period of three years effective June 1, 1982.

MURPHY, P. J., KUPFERMAN, SANDLER, SULLIVAN and BLOOM, JJ., concur.

Respondent is suspended from practice as an attorney and counselor at law in the State of New York for a period of three years, effective June 1, 1982, and until the further order of this court.